# THE MARKS LAW FIRM, P.C.

1325 Avenue of the Americas, 14th Floor, New York, NY 10019
EMAIL rmadnick@markslawpc.com TEL (646) 770-3775

July 29, 2026

8/3/26
The Aug 4 conference is adjourned to September 18 at 2:30 p.m.
So Ordered
Sidney H Stein
U.S.D.J.

***FILED VIA ECF***
Hon. Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 23A
New York, NY 10007-1312

RE: *Brown v. New York Hardcore Tattoos, Inc., et al.*
Civil Case No.: 1:26-cv-03419-SHS

Dear Judge Stein,

Pursuant to Section 1(E) of Your Honor's Individual Part Rules and Practices, Plaintiff respectfully requests an additional forty-five (45) day adjournment of the Initial Conference and corresponding deadlines, currently scheduled for August 4, 2026, pursuant to Your Honor's Order dated June 10, 2026 [Dkt. 11], to September 18, 2026, or a date convenient for the Court.

Plaintiff makes this request because, notwithstanding repeated outreach by mail, telephone, and email, Defendants New York Hardcore Tattoos, Inc. ("NYHT") and 127 Stanton LLC ("127 Stanton") have not appeared, answered, or otherwise responded to the Complaint. Accordingly, on July 28, 2026, Plaintiff filed a Request for a Clerk's Certificate of Default as to both Defendants, which remains pending [Dkt. 12–13].

Following that filing, Plaintiff has made further efforts to reach Defendants. Earlier today, the undersigned called NYHT at the premises and conveyed the pertinent information regarding this action to an employee, who advised that it would be forwarded to NYHT's owner. Plaintiff also identified a recently filed landlord-tenant proceeding in New York County Civil Court in which 127 Stanton is represented by Mario David Fonseca, Esq., of Kucker, Marino, Winiarsky & Bittens, LLP, and has emailed Mr. Fonseca courtesy copies of the pleadings and the default-certificate request to ask whether he can assist in reaching 127 Stanton and whether he will appear here. A response is awaited.

In light of the foregoing, Plaintiff respectfully requests that the Court grant and "So Order" this relief, as the requested adjournment would afford Plaintiff a final opportunity to communicate with both Defendants before moving for default judgment, so that this matter may, if possible, proceed on the merits. Should no response be forthcoming, Plaintiff intends to move for default judgment in accordance with the Court's Individual Rules, Local Civil Rule 55.2, and Federal Rule of Civil Procedure 55.

This is Plaintiff's second request for such relief, the first having been granted by Order dated June 10, 2026 [Dkt. 11]. This request is made more than forty-eight (48) hours in advance of the scheduled appearance, and no Defendant has appeared from whom consent could be sought.

We thank the Court for its attention and consideration.

Respectfully Submitted,

Richard M.

Richard M. Madnick, Esq.